UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FRITZ L. BLACK                                                                                            PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:13-cv-652-LRA

HINDS COUNTY, ET AL.                                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies [21].[1] Having considered the record, the Court concludes that Defendants' motion is well-taken and is hereby granted.

BACKGROUND

Plaintiff filed this Section 1983 lawsuit challenging the conditions of his confinement at the Hinds County Detention Center in Raymond, Mississippi (HCDC). [1]. The Court held an omnibus hearing[2] in this matter on July 17, 2014, at which Plaintiff and counsel for Defendants appeared. During the omnibus hearing, Plaintiff described his claim in more detail.

Plaintiff alleges that he was subjected to unconstitutional conditions of confinement at the HCDC. Plaintiff asserts that he was housed in the booking area for nine days without a mattress, running water or a working toilet. [1] at 5. According to Plaintiff's complaint, after nine days he was moved to a cell with no lights and exposed wiring. Plaintiff claims that the shower had thick mold in it and the toilet water was filthy. Plaintiff also complains that his food

---

[1]The parties consented to the undersigned conducting all proceedings in this matter. [25].

[2]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

was served under the cell door and either on styrofoam trays or in brown bags, was insufficient and was of poor quality. [1] at 4.

## EXHAUSTION

By their motion,[3] Defendants contend that Plaintiff's claims must be dismissed for failure to exhaust administrative remedies.  The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983.  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008)(stating that Fifth Circuit takes "a strict approach" to PLRA's exhaustion requirement).  In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 741.  The United States Supreme Court has reiterated this position, holding that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010).

In support of their motion, Defendants submitted a copy of HCDC Policy Number 4.03, Prisoner Grievance Procedures [21-2], as well as a copy of the Inmate Handbook, which addresses grievances.  [21-1] at 7.  Defendants also submitted the Affidavit of Sheila McMillian

---

[3]Since Defendants have submitted, and the Court has considered, matters outside the pleadings, the motion is converted to one for summary judgment.  Fed. R. Civ. P. 12(d).

in which she describes the grievance collection process, together with her Affidavit attaching a copy of the only grievance of record filed by Plaintiff. [21-3]; [21-4].

Plaintiff failed to respond to the motion. Plaintiff indicated in his complaint that he exhausted, claiming that he submitted verbal and written grievances which went unanswered. [1] at 3. However, Defendants have produced a copy of Plaintiff's one written grievance, dated September 9, 2013. [21-4] at 2. In that grievance, Plaintiff complained only about the quantity of food received by prisoners. Plaintiff received a response to that grievance, but did not pursue the grievance to the next step, as required by the grievance process. *Id.* In light of the evidence submitted by Defendants in support of their motion, Plaintiff may not now rely merely on his unsupported assertion that he completed the grievance process. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, (1968)).

Accordingly, the Court finds that Plaintiff has not exhausted the available administrative remedies with respect to any of his claims. The Complaint is therefore dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing, Defendants' motion is granted. The complaint in the above-styled action is dismissed without prejudice. A separate judgment will be entered.

3

SO ORDERED, this the 7th day of November, 2014.

S/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE